IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE ROSALES, on behalf of herself and others similarly situated, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 3:18-cv-356 |
| v. | § § | |
| EQUINOX HOLDINGS, INC., | § § | JURY DEMAND |
| *Defendant.* | § § | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff STEPHANIE ROSALES, on behalf of herself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through her counsel, files this Collective Action Complaint against Defendant Equinox Holdings, Inc. (hereinafter "Equinox"), and seeks to recover for Equinox's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.     INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff STEPHANIE ROSALES ("Plaintiff" or "Rosales"), on behalf of herself and all others similarly situated, who were formerly or are currently employed by Equinox as personal trainers.  *See* 29 U.S.C. § 216(b).

2. Plaintiff Rosales is one of a number of personal trainers who are or were formerly employed by Defendant and whose compensation was improper under the FLSA because Defendant failed and refused to compensate Plaintiffs for all hours worked and for their overtime hours worked. As their employer, the Defendant required and/or permitted Plaintiff and the other

personal trainers to routinely work in excess of forty (40) hours per week, many of which were off-the-clock hours, but failed or refused to compensate them for all hours worked and for their overtime hours worked in accordance with the FLSA. Specifically, Equinox misclassifies personal trainers as exempt from the FLSA, and fails to pay them one and one-half times their regular rate for all hours worked over forty in a workweek. Additionally, Equinox requires personal trainers to work off-the-clock in addition to their clock time hours, and fails to pay them for all hours worked, resulting in a failure to pay the personal trainers at a rate of at least the minimum wage for all hours worked. Such conduct by Equinox is a violation of the FLSA which requires non-exempt employees to be compensated at a rate of at least the federal minimum wage for all hours worked and for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. §§ 206(a), 207(a).

3. Because the Plaintiff and similarly situated employees are non-exempt covered employees pursuant to the FLSA and have not been paid by Equinox pursuant to the wage and hour provisions of the FLSA, Plaintiff brings this action on behalf of herself and all other similarly situated employees, seeking legal and equitable relief provided under the FLSA.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b), (c), & (d) because Defendant resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## III.  THE PARTIES

6. Plaintiff STEPHANIE ROSALES is currently and was at all material times one of a number of personal trainers employed by Equinox. She presently resides in Texas and has been a resident of Texas during all material times. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7. Defendant Equinox Holdings, Inc. ("Equinox") is a Delaware corporation with its principal place of business at 895 Broadway, 3rd Floor, New York, NY 10003, and doing business in Dallas, Texas, which can be served with process by serving its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808, or wherever an officer of the corporation or its registered agent may be found.

## IV.  COVERAGE

8. Equinox is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(r) and (s).

9. At all material times, Equinox has been an employer of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all material times, Equinox had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. *See* 29 U.S.C. § 203(s)(1).

11. At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of Equinox, who are covered by the FLSA because Equinox is a covered enterprise.

12. At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce within the meaning of the FLSA.

## V.   GENERAL FACTUAL ALLEGATIONS

13.   Equinox owns and operates approximately ninety fitness centers throughout the United States, including at least three in Texas.

14.   Plaintiff and all others similarly situated, at all material times, worked for Equinox as non-exempt personal trainers. Plaintiff and other misclassified employees were and are covered by the same policies promulgated by Defendant related to their duties, pay, and non-exempt status, among conditions of their employment.

15.   As personal trainers, Plaintiff and all others similarly situated provided personal training services to Equinox customers. As personal trainers, Plaintiff and all others similarly situated did not: (a) manage an enterprise or a recognized department or subdivision of Equinox; (b) direct the work of two or more employees; (c) have the authority to hire or fire other employees; (d) perform office or non-manual work directly related to the management or general business operations of Equinox or Equinox customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from Equinox's place or places of business in performing their primary duty. Furthermore, Plaintiff and the other personal trainers do not receive more than half of their compensation from a bona fide commission plan.

16.   Equinox paid Plaintiff and the other personal trainers a set hourly rate for some hours worked and nothing for other hours worked in maintaining Equinox's equipment and providing customer service to Equinox customers and a set hourly rate for each hour of personal training provided to Equinox customers. Consequently, there is a direct correlation between the number of hours worked by Plaintiff and the other personal trainers and the amount they were compensated, which disqualifies this compensation from being a commission.

17. Plaintiff worked for Equinox from about March 2017 through December 2017 as a personal trainer and worked alongside other personal trainers. Plaintiff worked at one of Equinox's Dallas-area facilities and is aware of similarly situated employees at that facility and other facilities.

18. Equinox employs a number of non-exempt personal trainers and has the right to hire and fire each of them, supervises and controls their work schedules and conditions of employment, including but not limited to the number of hours that they work, has promulgated policies whereby these non-exempt employees are not compensated for all hours worked and are not compensated for hours worked in excess of 40 hours per week at a rate of at least one and one-half times their regular hourly rate, and is obligated pursuant to the FLSA to maintain records for the non-exempt employees' employment including, but not limited to, pay records.

19. Plaintiff and each of the non-exempt personal trainers regularly work and worked in excess of 40 hours per week without overtime compensation at the rate of time and one-half their regular rate for hours worked in excess of 40 hours per week. Such conduct by Equinox is a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a).

20. Additionally, Equinox does not compensate its personal trainers, including Plaintiff, for all hours worked. Instead, Equinox requires its personal trainers to work off-the-clock, in addition to their scheduled shifts, maintaining Equinox's gym equipment and providing customer service to Equinox customers, and the personal trainers are not compensated for their off-the-clock hours.

21. Equinox is aware of the FLSA's requirements, but has failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked and for their

overtime worked. Equinox has willfully violated the FLSA for a period of at least three years prior to the filing of this Complaint.

22. For at least three (3) years prior to filing this Complaint (hereinafter the "Liability Period"), Equinox has had a policy and practice of not correctly compensating its covered non-exempt employees for work performed for the benefit of Equinox as required under the FLSA.

### VI. COLLECTIVE ACTION ALLEGATIONS

23. Paragraphs 1-22 are incorporated herein as if set forth in full.

24. Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> *All personal trainers currently or formerly employed by Equinox since February 13, 2015, who were paid under a compensation system where they were not compensated for all hours worked at a rate of at least the federal minimum wage or were not compensated for all overtime hours worked at the rate of time and one half their regular hourly rate for all hours worked over forty (40) in a given workweek.*

25. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis, challenging, among other FLSA violations, Defendant's practice of failing or refusing to compensate its employees at a rate of at least the federal minimum wage for all hours worked and the rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

27. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may be easily and quickly notified of the pendency of this action.

28. Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff is aware of current and former employees of the Defendant that have been affected by the Defendant's policies and practices complained of in this action.

29. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

(a) Whether Plaintiffs were compensated for all hours worked;

(b) Whether Plaintiffs worked more than 40 hours per week;

(c) Whether Plaintiffs were compensated at one and one-half times their "regular rate" for all hours worked over forty in any and all weeks;

(d) Whether Defendant's practices accurately account for the time Plaintiffs actually were working;

(e) Whether Defendant's compensation policy and practice is illegal; and

(f) Whether Defendant had a policy and practice of willfully failing to compensate employees for minimum wage and overtime wages.

30. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

31. The Collective Action Representative's claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

32. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

33. The Collective Action Representative is an adequate representative of similarly situated current and former employees because she is an employee of the same entity and her interests do not conflict with the interests of the other similarly situated current and former employees she seeks to represent. The Collective Action Representative worked for the Defendant and worked the hours which are the subject of this complaint and further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and her undersigned counsel.

34. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result

in inconsistent adjudications.  On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII.   COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

35. Paragraphs 1-34 are incorporated herein as if set forth in full.

36. At all material times, Plaintiff and all others similarly situated were employees of Equinox.

37. At all material times, Equinox, as more fully set forth above, required and/or permitted Plaintiff and all others similarly situated to work in excess of forty hours per week, but refused to compensate them for all such hours at a rate of at least one and one-half times their regular hourly rate.

38. Such conduct by Equinox was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

39. Accordingly, Plaintiff and all others similarly situated have been deprived of overtime compensation in amounts to be determined at trial.

40. Further, Plaintiff and all others similarly situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees.  *See* 29 U.S.C. § 216(b).

41. Finally, the claims in the action are subject to a three-year statute of limitations because the violations of the FLSA by the Defendant were willful.  Specifically, the Defendant had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of overtime for all hours worked beyond 40 per week.  29 U.S.C. § 255.

## VIII.   COUNT II
### (Violation of FLSA, 29 U.S.C. § 206(a))

42. Paragraphs 1-41 are incorporated herein as if set forth in full.

43. At all material times, Plaintiff and all others similarly situated were employees of Equinox.

44. At all material times, Equinox, as more fully set forth above, required and/or permitted Plaintiff and all others similarly situated to work off-the-clock hours without compensating them for all hours worked at a rate of at least the federal minimum wage.

45. Such conduct by Equinox was a violation of the FLSA which requires employees to be compensated for all hours worked at a rate of at least the federal minimum wage.  *See* 29 U.S.C. § 206(a).

46. Accordingly, Plaintiff and all others similarly situated have been deprived of minimum wage compensation in amounts to be determined at trial.

47. Further, Plaintiff and all others similarly situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees.  *See* 29 U.S.C. § 216(b).

48. Finally, the claims in the action are subject to a three-year statute of limitations because the violations of the FLSA by Equinox were willful.  Specifically, the Equinox had actual knowledge of the FLSA and knew that the Plaintiffs are entitled to compensation at a rate of at least the federal minimum wage.  29 U.S.C. § 255.

## IX.   COUNT III
### (Recordkeeping Violations, 29 U.S.C. § 211(c))

49. Paragraphs 1-48 are incorporated herein as if set forth in full.

50. Equinox has failed to make, keep, and preserve accurate records with respect to Plaintiff and other personal trainers, including hours worked each day and total hours worked each week, as required by 29 U.S.C. § 211(c) and supporting federal regulations.

## **PRAYER FOR RELIEF**

Plaintiff respectfully prays that this Court:

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive compensation for all hours worked at a rate of at least the federal minimum wage or proper overtime compensation for hours worked in excess of 40 in a week;

(b) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid minimum wages for all hours worked and premium overtime wages (past and future) for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum and overtimes wages owed to them;

(d) issue an Order directing Defendant to reimburse Plaintiff and other similarly situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(e) issue an Order declaring Defendant's compensation and recordkeeping practices to be illegal and directing Defendant to comply with the FLSA;

(f) issue an Order for injunctive relief ordering the Defendant to end all of the illegal wage and recordkeeping practices alleged herein pursuant to the FLSA; and

(g) provide Plaintiff and all other similarly situated employees with such other and further relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

          Respectfully submitted,

          /s/ Corinna Chandler
          Corinna Chandler
          State Bar No. 24061272
          chandler@chandlerlawpc.com
          CHANDLER LAW, P.C.
          3419 Westminster Ave # 343G
          Dallas, Texas 75205
          (972) 342-8793
          (972) 692-5220 (fax)

          **ATTORNEY FOR PLAINTIFFS**