# Exhibit

# C

## 28 U.S.C. § 1746 DECLARATION AND CONSENT OF STEPHANIE ROSALES IN SUPPORT OF PROCEEDING AS A COLLECTIVE ACTION

I am over the age of 18 and am competent to testify to the facts in this declaration from my personal knowledge and experience. I make this declaration based upon personal knowledge and, if sworn as a witness, could and would testify competently to the facts set forth below:

1.  I worked for Equinox Holdings, Inc. ("Defendant" or "Equinox") as a Personal Trainer from approximately March 2017 to December 2017. Based on my employment with Defendant, I have personal knowledge and experience with Defendant's policies, practices, and procedures for compensating its Personal Trainers and the duties and hours required to work in that capacity.

2.  Defendant employs or employed Personal Trainers, including myself, to maintain gym equipment and provide customer service, fitness assessments, and personal training sessions and guidance to gym members. Defendant compensated the Personal Trainers on an hourly basis for certain hours worked and paid nothing for other hours worked and did not to pay Personal Trainers for hours worked in excess of 40 hours per week at the rate of 1.5 times their regular rate. Defendant required Personal Trainers to work off-the-clock hours each week to attend meetings, prepare training plans for gym members, communicate with gym members, and provide customer service to gym members.

3.  As a Personal Trainer, I routinely worked more than 40 hours per week (overtime) at Defendant's facilities. Defendant required me to work numerous off-the-clock hours each week for which I received no compensation. Defendant did not pay me for all hours worked in excess of 40 hours per week and never paid me at the rate of 1.5 times my regular rate for overtime hours.

4.  I believe other individuals would join this case if they were aware of its existence. I do not presently recall the names, phone numbers, mailing addresses, and emails of all the

1

individuals with whom I was familiar while working for Defendant. However, because they performed similar duties and were under a similar pay plan as the one described above, I believe other Personal Trainers would be eligible to join this case, may already be participating in this matter, or would participate in this matter if they were not afraid of retaliation for joining the case in which this declaration is filed. Because Defendant required us to work long hours, I believe that in addition to receiving notice in the mail about this suit, it would be helpful to send both an email and text message notice to these other workers to ensure they receive timely notice about this case and also that Defendant should be required to post notice in its facilities where Personal Trainers work so that they are timely informed of their rights in this matter.

5.       I understand from my own observations and from discussions with other Personal Trainers, both at my work location in Dallas and at other locations in Texas and nationally, that all of Defendant's Personal Trainers worked under the same conditions that I described above. Specifically, all Personal Trainers performed similar job duties, were required to work long hours, including off-the-clock hours, and were not paid at the rate of 1.5 times their regular hourly rate for all hours worked in excess of 40 hours per week. The basis of my belief is that I observed other Personal Trainers performing similar duties and working the same kind of overtime hours I performed at Defendant's gym facilities in Dallas and have talked to Personal Trainers who worked at Defendant's gyms in Texas and other states about how they were paid.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
9/24/2018 10:28:27 AM MDT

_____
Stephanie Rosales

2